

FILED

MAY 05 2014

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GREGORY R. BOYD,<br><br>Defendant/Movant. | Cause No. CR 06-028-BLG-SEH<br>CV 13-117-BLG-SEH<br><br>ORDER DISMISSING RULE 60(b) MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 3, 2013, Defendant/Movant Gregory R. Boyd ("Boyd"), moved under Fed. R. Civ. P. 60(b) to reopen proceedings on his 28 U.S.C. § 2255 motion. Boyd is a federal prisoner proceeding pro se.

The original § 2255 motion and a certificate of appealability were denied on August 24, 2012. Order (Doc. 187). The Court of Appeals denied a certificate of appealability on October 19, 2012. Order at 1, *United States v. Boyd*, No. 12-35749 (9th Cir. Oct. 19, 2012) (Doc. 190).[1]

The current motion asserts Judge Shanstrom committed procedural error in failing to authorize discovery or hold an evidentiary hearing and erred in applying the law when he denied the claims in the original § 2255 motion. He also contends

---

[1] United States District Judge Jack D. Shanstrom presided over trial and the original proceedings on the § 2255 motion. Judge Shanstrom has since retired. The case has been reassigned to this Court. Order (Doc. 193). Due to a clerical error, however, the § 2255 motion was not brought to the Court's attention until May 2, 2014.

1

that Judge Shanstrom failed to consider his claim that he was "actually innocent of the charged offenses" and would have proved it if counsel had properly investigated the case. Rule 60(b) Mot. (Doc. 191) at 5-10.

Judge Shanstrom considered Boyd's claims on the merits.[2] He found none. The Court of Appeals agreed. The current Rule 60(b) motion is equivalent to a second application for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 533-34 (2005); 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to hear the motion absent authorization from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). A certificate of appealability is not warranted. There is no doubt as to either the nature of the claims asserted or this Court's lack of jurisdiction to hear them. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

ORDERED:

1. Boyd's Rule 60 motion (Doc. 191) is DISMISSED for lack of jurisdiction.

---

[2] Judge Shanstrom did not consider, in the § 2255 proceeding, Boyd's claim that he should not have been sentenced as a career offender. Order (Doc. 187) at 2-3; Supp. Pet. (Doc. 186) at 4-5. But that claim was considered and rejected at sentencing. Def. Sentencing Mem. (Doc. 129) at 3-4; Def. Supp. Mem. (Doc. 130) at 2-6.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Boyd files a notice of appeal.

DATED this 5th day of May, 2014.

*Sam E. Haddon*
Sam E. Haddon
United States District Court