FILED

APR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35209 |
| Plaintiff-Appellee, | D.C. Nos. 1:17-cv-00033-SPW |
| v. | 1:06-cr-00028-SPW-1 |
| GREGORY R. BOYD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 7, 2022
Seattle, Washington

Before: BYBEE and CHRISTEN, Circuit Judges, and SELNA,[**] District Judge.

Gregory Boyd appeals the district court's order denying his second-in-time motion filed pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James V. Selna, Senior United States District Judge for the Central District of California, sitting by designation.

U.S.C. §§ 1291 and 2255(d), and we affirm.  Because the parties are familiar with the facts, we cite only those facts necessary to decide this appeal.

1. Boyd appeals the dismissal of his second-in-time § 2255 motion that raised claims based on *Napue v. Illinois*, 360 U.S. 264 (1959), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  On appeal, Boyd does not argue that the government violated *Napue.*  We therefore limit our analysis to Boyd's *Brady* and *Giglio* claims.

To prevail on a *Brady* or *Giglio* claim, a defendant must establish: (1) the information at issue is favorable to him; (2) the government failed to disclose the information to him, either willfully or inadvertently; and (3) resulting prejudice.  *See United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011).  Prejudice results when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).  "A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial." *United States v. Olsen*, 704 F.3d 1172, 1183 (9th Cir. 2013) (quoting *Maxwell v. Roe*, 628 F.3d 486, 509 (9th Cir. 2010)).  Boyd argues that a prosecutor in his underlying case withheld exculpatory or impeachment evidence related to three of the government's

2

cooperating witnesses and one other individual who did not testify at his trial. Boyd fails to establish that if the government had produced this evidence to him, there is a reasonable probability the result of his trial would have been different.

Boyd's counsel acknowledged during oral argument that Boyd's defense depended on convincing the jury that there was doubt about whether he knew what was in the trunk of the car he was driving when officers stopped him. Boyd testified that he did not know what was in the trunk, but the prosecution was able to significantly undermine his credibility by showing that other evidence contradicted several of his statements. For example, Boyd testified that he had never been accused of possessing a firearm, but the prosecution established that he had been charged with possession of a firearm in 2002. Boyd also testified that he had not seen the car he bought for Charles Taylor between June 30, 2005 (the day he bought it) and July 25, 2005 (the day he was stopped while driving it), but the prosecution established that he received a traffic citation while driving the car on July 2, 2005. Finally, Boyd initially testified that he had only been to Montana once in 2005, but Boyd later acknowledged that he had actually been to Montana three times in 2005. Boyd did not establish that the withheld evidence would have significantly influenced the persuasiveness of the three cooperating witnesses' testimony, and Boyd's own testimony was severely undermined by the

prosecution. Accordingly, Boyd failed to meet his burden of showing resulting prejudice, as required by *Brady* and *Giglio*. *See Wilkes*, 662 F.3d at 535. The district court did not err by denying Boyd's second-in-time § 2255 motion. *See United States v. Lopez*, 577 F.3d 1053, 1066 (9th Cir. 2009) (applying § 2255(h)(1) to second-in-time non-meritorious *Brady* claim).

      2.      Boyd argues that the district court abused its discretion by precluding him from engaging in discovery related to his second-in-time § 2255 motion. In § 2255 proceedings, a district court "may, for good cause, authorize a party to conduct discovery." Rule 6(a), Rules Governing Section 2255 Cases. "Good cause" for discovery exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Boyd failed to establish there was reason to believe that discovery related to his second-in-time § 2255 motion would demonstrate he is entitled to relief. Thus, the district court did not abuse its discretion.

**AFFIRMED.**[1]

---

[1] The government's motion to supplement the record or, in the alternative, for judicial notice (Dkt. No. 20) is DENIED.